UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROBERT HOWLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-CV-18 NAB |
| | ) |
| LANCE SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Lance Smith's Motion for Protective Order. [Doc. 66.] Plaintiff Robert Howland has filed a response in opposition. [Doc. 67.] Defendant Lance Smith filed a Reply Brief. [Doc. 70.] For the following reasons, the Court will deny Defendant Lance Smith's Motion for Protective Order.[1]

**Background**

In this action, Plaintiff Robert Howland brings nine claims against Defendants Lance Smith, Tim Smith, and Smith Auto Parts & Sales, Inc. as the result of a car accident on September 11, 2016 in Pike County, Missouri. Plaintiff alleges that he was driving on U.S. Highway 54 near the intersection with U.S. Highway 61, when Defendant Lance Smith who was driving southbound on Highway 61, made a wide right turn onto Highway 54, crossed the centerline of Highway 54, and struck Plaintiff's car head-on. Plaintiff brings five claims (Counts I-V) against Defendant Lance Smith for negligence, per se negligence, and punitive damages. Counts VI and VII allege claims of negligent entrustment and punitive damages against

---

[1] The Court notes that Defendant Lance Smith did not comply with Rule 26(c)(1)'s requirement that any motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Because Plaintiff has filed a response in opposition, the Court will make a substantive ruling.

Defendant Tim Smith. Plaintiff alleges that Defendant Tim Smith owns the vehicle that Lance Smith was driving. Plaintiff alleges that Defendant Tim Smith, Lance Smith's father, knew or had reason to know that Lance Smith was incompetent regarding the operation of the vehicle he was driving and allowed him to drive the vehicle involved in the accident. He alleges that Tim Smith knew about Lance Smith's habitual drunkenness/recklessness, his multiple driving under the influence/driving while intoxicated charges, his driver's license being barred/revoked/suspended, his habitual drug possession, and his drug possession charges. Finally, Plaintiff alleges negligent entrustment and punitive damages (Counts VIII and IX) against Defendant Smith Auto Parts & Sales, Inc. Plaintiff asserts that Smith Auto Parts & Sales was Lance Smith's employer and also the owner of the vehicle at issue in this case. Plaintiff reasserts the same conduct relied upon in his claims against Defendant Tim Smith.

Defendant Lance Smith's deposition is scheduled for November 19, 2019. Defendant Lance Smith is seeking a protective order prohibiting the use or solicitation of evidence or testimony of all offenses for which Lance Smith was not convicted; all juvenile offenses over ten years prior to the date of the protective order, and all other offenses that were not convictions for the improper operation of a vehicle, including all charges and convictions of 03/15/2003; 08/14/2004; 12/12/04; 03/19/2005; 03/19/2005; 04/14/2005; 04/19/2005, 02/28/2007; 01/06/2010; 01/13/2012; 03/29/2013; 06/24/2013; 07/26/2015; 05/07/2016; 06/26/2016; 05/30/2017; and any protection from abuse order. Plaintiff filed a memorandum in opposition to Defendant Lance Smith's Motion for Protective Order.

**Standard of Review**

District courts are accorded wide discretion in dealing with discovery matters. *Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 2013 WL 3225802, at *2

(E.D. Mo. June 25, 2013) (citing *Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988)). Because discovery rules "'should be construed to secure the just, speedy, and inexpensive determination of every action,' ... judges should not hesitate to exercise appropriate control over the discovery process." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (quoting *Herbert v. Lando*, 441 U.S. 153, 177, (1979)). Rule 26(b)(1) provides the following guidelines regarding discovery.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the benefit.

Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *Id.* "The District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.,* 160 F.3d 428, 431 (8th Cir.1998) (citation omitted). "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). A protective order may forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(D).

"Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." *Dapron v Spire, Inc.*, 329 F.R.D. 223, 227 (E.D. Mo. Jan. 9, 2019) (citing *CitiMortgage, Inc. v. Allied Mortg. Group, Inc.*, 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012)). "The party must demonstrate that

requested discovery does "not come within the broad scope of relevance defined pursuant to Rule 26(b)(1)...." *Dapron*, 329 F.R.D. at 227 (citing *Jo Ann Howard & Assocs. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. Nov. 19, 2014)). "However, although the standard of relevance in the context of discovery may be broader than in the context of [admissibility], 'this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery.'" *Ariel Preferred Retail Group, LLC v. CWCapital Asset Mgmt.*, 2012 WL 1620506, at *3 (E.D.Mo. May 9, 2012) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir.1992)).

Based on the foregoing, the Court will deny Defendant Lance Smith's motion for protective order. Although the evidence Defendant Lance Smith seeks to exclude from discovery may not be admissible, it is relevant to currently pending claims. Defendant Lance Smith has not met his burden to show that the information at issue does not fall within the broad scope of relevance defined pursuant to Rule 26(b)(1).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Lance Smith's Motion for Protective Order is **DENIED**. [Doc. 66.]

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of November, 2019.