UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROBERT HOWLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:18-CV-18 NAB |
| | ) |
| LANCE SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel to Defendant Tim Smith. [Doc. 79.]  The motion was filed on April 10, 2020.  "Each party opposing a motion (other than a motion seeking an extension of time) must file, within fourteen (14) days after service of the motion, a single memorandum containing any relevant argument and citations to authorities on which the party relies."  E.D. Mo. L.R. 4.01(B).  Defendant Tim Smith did not file an answer and the time to do so has now passed.

Next, before the Court considers the motion, the movant must show that there was an attempt to resolve the dispute before filing the motion.

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord.  This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A); *See also* Fed. R. Civ. P. 37(a)(1) (The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action).

In this case, Plaintiff submits several e-mails between Plaintiff's counsel and defense counsel where defense counsel responds once that he would "take a look." These e-mails do not satisfy "the meet and confer" requirements of the Court's Local Rule 3.04(A). Plaintiff's counsel also states that he contacted defense counsel on April 6, 2020 and left a voicemail. Plaintiff's counsel states that defense counsel did not respond to the voicemail.

The interrogatory responses were served on December 10, 2019. "A responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Defendant Tim Smith has not responded or requested an extension of time to do so. "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Because Defendant Tim Smith' counsel has not responded to the voicemail and has not responded to this motion, the Court will grant Plaintiff's Motion to Compel to Defendant Tim Smith and order Plaintiff Tim Smith to respond without objection. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel to Defendant Tim Smith is **GRANTED**. [Doc. 79.]

**IT IS FURTHER ORDERED** that Defendant Tim Smith shall respond to Plaintiff's Interrogatories to Defendant Tim Smith without objection within ten days of the date of this order.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of May, 2020.