**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| ROBERT HOWLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-18 NAB |
| | ) | |
| LANCE SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Directed at Defendants Tim Smith and Smith Auto Parts & Sales, Inc., Plaintiff's Motion to Compel Directed at Defendant Lance Smith, and Defendants Tim Smith, Smith Auto Parts & Sales, Inc., and Lance Smith's Joint Motion for Protective Order Against Appearing in Person at his Deposition. [Docs. 81, 82, 83.] The Court set a hearing on these pending motions for Wednesday, August 19, 2020 at 2:00 p.m. via ZoomGov. The Court also directed the parties to prepare to discuss whether sanctionable conduct has occurred during the conduct of discovery in this action.

The Court held a hearing on August 19, 2020 at 2:00 via Zoom. Counsel appeared on behalf of Plaintiff and Defendant Lance Smith. Counsel did not appear for Defendants Smith Auto Parts and Sales, Inc. and Tim Smith.

## I. Background

Plaintiff Robert Howland filed this action against Defendants Lance Smith, Tim Smith, and Smith Auto Parts & Sales, Inc. as the result of a car accident on September 11, 2016 in Pike County, Missouri. Plaintiff is a citizen of Missouri and the other Defendants are citizens of Iowa. Plaintiff brings five claims (Counts I-V) against Defendant Lance Smith for negligence, per se

negligence, and punitive damages. Counts VI and VII allege claims of negligent entrustment and punitive damages against Defendant Tim Smith. Plaintiff alleges that Defendant Tim Smith owns the vehicle that Lance Smith was driving. Plaintiff alleges that Defendant Tim Smith, Lance Smith's father, knew or had reason to know that Lance Smith was incompetent regarding the operation of the vehicle he was driving and allowed him to drive the vehicle at issue. He alleges that Tim Smith knew about Lance Smith's habitual drunkenness/recklessness, his multiple driving under the influence/driving while intoxicated charges, his driver's license being barred/revoked/suspended, his habitual drug possession, and his drug possession charges. Finally, Plaintiff alleges negligent entrustment and punitive damages (Counts VIII and IX) against Defendant Smith Auto Parts & Sales, Inc. Plaintiff asserts that Smith Auto Parts & Sales was Lance Smith's employer and also the owner of the vehicle at issue in this case.

The Court issued a Case Management Order on June 7, 2018. [Doc. 21.] The Case Management Order was amended on October 23, 2018, February 2, 2019, September 20, 2019, and November 26, 2019. [Docs. 29, 37, 59, 75.] After a hearing, the Court granted Plaintiff's motion for leave to take a videotaped deposition of Defendant Lance Smith on the date of September 23, 2019. [Docs. 53, 55.] The deposition did not take place. On May 6, 2020, the Court granted Plaintiff's unopposed motion to Compel against Defendant Tim Smith. [Doc. 80.] On July 2, 2020, Plaintiffs filed two motions to compel against Defendants Tim Smith, Smith Auto Parts & Sales, Inc., and Lance Smith. [Docs. 81, 82.] Defendants have failed to respond and the time to do so has now passed.

On August 12, 2020, Defendants filed a joint motion for protective order to prevent the requirement that Defendant Lance Smith be required to appear in person at his deposition on

August 14, 2020. [Doc. 83.] Plaintiff filed a Response in Opposition to Defendants' Joint Motion. [Doc. 85.] Plaintiff filed a Reply Brief in Support of their Motion. [Doc. 86.]

The Court scheduled a hearing on the motions on August 19, 2020 at 2:00 p.m. The Court ordered Plaintiff to respond to Defendants' motion no later than August 18, 2020.

## II. Standard of Review

District courts are accorded wide discretion in dealing with discovery matters. *Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (citing *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988)). Because discovery rules "'should be construed to secure the just, speedy, and inexpensive determination of every action,' ... judges should not hesitate to exercise appropriate control over the discovery process." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979)).

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the benefit. Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *Id.* "The District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir.1998) (citation omitted). "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). A

protective order may forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(D).

"Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." *Dapron v Spire, Inc.*, 329 F.R.D. 223, 227 (E.D. Mo. Jan. 9, 2019) (citing *CitiMortgage, Inc. v. Allied Mortg. Group, Inc.*, 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012)). "The party must demonstrate that requested discovery does "not come within the broad scope of relevance defined pursuant to Rule 26(b)(1)...." *Dapron*, 329 F.R.D. at 227 (citing *Jo Ann Howard & Assocs. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. Nov. 19, 2014)). "However, although the standard of relevance in the context of discovery may be broader than in the context of [admissibility], 'this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery.'" *Ariel Preferred Retail Group, LLC v. CWCapital Asset Mgmt.*, 2012 WL 1620506, at *3 (E.D.Mo. May 9, 2012) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir.1992)).

## III. Analysis

### A. Plaintiffs Motion to Compel against Defendants Tim Smith and Smith Auto Parts & Sales [Doc. 81.]

At the court hearing, the Court took up Plaintiff's Motions to Compel against Defendants. Defendant Lance Smith's counsel stated he was only prepared to discuss the Motion for Protective Order. Plaintiff filed the motions to compel against Defendants on July 2, 2020. Defendants' responses were due on July 16, 2020, per Local Rule 4.01(B). None of the defendants filed a response. On August 13, 2020, the Court notified the parties in a written order that the Court would be addressing all of the pending discovery motions and whether sanctionable conduct has occurred in this case on August 19, 2020. The Court e-mailed the Zoom link to all counsel on August 18, 2020.

"The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord." E.D. Mo. L.R. 3.04(a). Plaintiff has provided sufficient evidence that he has conferred by telephone and made a good faith effort to resolve their dispute regarding the motions to compel.

Because Defendants have failed to respond to Plaintiff's motions to compel and failed to appear at the hearing or be prepared to respond at the hearing, the Court will grant the Plaintiff's motion to compel in its entirety. Therefore, Defendants have to respond to the following discovery without objection, excepting matters of privilege no later than August 28, 2020. If Defendants make an objection based on a privilege, they must submit a privilege log.

**1. Request for Admissions directed to Smith Auto Parts & Sales [Doc. 81-1]**

**a. Requests for Admission 11 and 12**

Plaintiff states that Smith Auto Parts & Sales responses violate Fed. R. Civ. P. 36(a)(4), because it is neither an admission, denial, or a properly worded indication that Defendant cannot truthfully admit or deny. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter, and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* The answering party may assert a lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can reasonably obtain is insufficient to enable it to admit or deny it." *Id.* "Unless the court finds an objection justified, it must order that an answer be served.

On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

The Court finds that Defendant's responses to Requests for Admission 11 and 12 should be amended to indicate whether it made a reasonably inquiry and is still unable to admit or deny the admission requests no later than August 28, 2020.

**b. Requests for Admission 15-20, 23-24, 26, 28-29**

Plaintiff requests that the Court overrule Defendant Smith Auto Parts & Sales' objections, because Plaintiff has alleged negligent entrustment and must prove knowledge of Lance Smith's habitual recklessness as an element of his case. The Court will grant Plaintiff's motion to compel regarding Requests for Admission 15-20, 23-24, 26, and 28-29, because the requests for admission are not vague or ambiguous. Further, Smith Auto Parts & Sales' knowledge is directly relevant to Counts VIII and IX of Plaintiff's Complaint. The Defendant is ordered to respond without objection no later than August 28, 2020 to Plaintiff's requests for Admission 15-20, 23-24, 26, and 28-29.

**2. Plaintiff's Interrogatories Directed to Defendant Smith Auto Parts and Sales [Doc. 81-2]**

**a. Signature Verification**

Defendant Smith Auto Parts & Sales did not include the signature of Defendant Tim Smith, the President of Smith Auto Parts & Sales and the person who answered the interrogatories in its response to Plaintiff's interrogatories. [Doc. 81-2.] "The person who makes the answers [to the interrogatories] must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). Because the interrogatories are not signed, the Court will order the Defendant Smith Auto Parts & Sales to re-submit its answer to Plaintiff's First Interrogatories with the signature of the person answering the interrogatories no later than August 28, 2020.

**b. Interrogatory 8**

The Court overrules Defendant Smith Auto Parts & Sales' objections and finds that the remainder of the answer constitutes a full response to Interrogatory 8.

**3. Plaintiff's Requests for Production of Documents Directed to Defendant Smith Auto Parts & Sales [Doc. 81-3]**

Next, Plaintiff requests that the Court order Defendant Smith Auto Parts & Sales to honor its good faith agreement to withdraw objections to Plaintiff's Request for Production of Documents 23-24, 39, 71-73, 82-84, and 89 and provide responses without objection. Plaintiff also requests that the Court overrule Defendant Smith Auto Parts & Sales objections to Requests for Production of Documents 9, 10, and 70.

**a. Agreement to Withdraw Objections [Doc. 81-4]**

Plaintiff has submitted an e-mail dated May 21, 2020, which purports to summarize a phone call between Plaintiff's counsel and Defendants' counsel. [Doc. 81-4.] In the e-mail, Plaintiff's counsel states that defense counsel agreed to withdraw objections to requests for production of documents 23-24, 39, 71-73, 82-84, and 89. Defense counsel has not filed a response to Plaintiff's motion; therefore, the Court will grant Plaintiff's motion to compel and require Defendant Smith Auto Parts & Sales to provide responses to Plaintiff's requests for production of documents 23-24, 39, 71-73, 82-84, and 89 without objection no later than August 28, 2020.

**b. Requests for Production 9, 10, and 70 [Doc. 81-3.]**

Plaintiff requests that the Court overrule Defendant Smith Auto Parts & Sales objections to requests for production 9, 10, 70. Defendant Smith Auto Parts & Sales asserted attorney client privilege, attorney work product doctrine, insurer-insured privilege and other boilerplate objections, but did not provide a privilege log with their responses. Therefore, the Court directs Defendant Smith Auto Parts & Sales to produce a privilege log regarding requests for production

of documents 9, 10, and 70 or respond without objection to the requests for production of documents no later than August 28, 2020.

**4. Plaintiff's Interrogatory Requests Directed to Defendant Tim Smith [Doc. 81-5.]**

Defendant Tim Smith did not include his signature to the responses to Plaintiff's interrogatories directed at him. [Doc. 81-5.] "The person who makes the answers [to the interrogatories] must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). Because the interrogatories are not signed, the Court will order the Defendant Tim Smith to re-submit his answer to Plaintiff's First Interrogatories with his signature no later than August 28, 2020.

**5. Objections During Defendant Tim Smith's Deposition [Doc. 81-6.]**

Plaintiff asserts that Defendant Tim Smith's counsel flagrantly and repeatedly violated Fed. R. Civ. P. 30(c)(2), by making lengthy repetitive speaking objections that disrupted the questioning and engaged in coaching. Plaintiff provided a copy of Tim Smith's entire deposition, but noted three instances of attorney objections on pages 76 and pages 115 to 118. Because the Defendants did not respond to this motion, the Court will overrule the Defendant's objections and allow Plaintiff's counsel to obtain additional responsive answers by deposition of the questions noted in Plaintiff's motion.

**B. Plaintiffs Motion to Compel against Defendant Lance Smith [Doc. 82]**

**1. Failure to Provide Signature Page [Docs. 82-4, 82-5]**

Defendant Lance Smith did not include his signature to his original and supplemental response to Plaintiff's interrogatories directed at him. [Docs. 82-4, 82-5.] "The person who makes the answers [to the interrogatories] must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). Because the interrogatories are not signed, the Court will

order Defendant Lance Smith to re-submit his answers and supplemental answers to Plaintiff's First Interrogatories with his signature no later than August 28, 2020.

**2. Plaintiff's Request for Admissions Directed at Defendant Lance Smith [Doc. 82-3.]**

Plaintiff requests that the Court overrule Defendant Lance Smith's objections to Requests for Admissions 7-11, 13-17, 20-26, 28-35, and 37-38 and deem the requests admitted or order Defendant Lance Smith to provide amended answers without objection. The Court grants Plaintiff's motion and orders Defendant Lance Smith to provide amended answers to Plaintiff's Requests for Admissions 7-11, 13-17, 20-26, 28-35, and 37-38 without objection no later than August 28, 2020.

**3. Plaintiff's Interrogatories Directed at Defendant Lance Smith [Docs. 82-4, 82-5]**

Plaintiff requests that the Court overrule Defendant Lance Smith's objections to Interrogatories 3, 4, 10, 13, 17, and 21 and compel Defendant Lance Smith to respond. Plaintiff also asks the Court to compel Defendant Lance Smith to supplement his answer to Interrogatory 14. The Court orders Defendant Lance Smith to respond to Plaintiff's Interrogatories 3, 4, 10, 13, 17, and 21 without objection and supplement the answer to Interrogatory 14 providing the identifying prescription medication name and other information as requested without objection.

**4. Plaintiff's Request for Production of Documents Directed at Defendant Lance Smith [Docs. 82-6, 82-7.]**

Plaintiff asks the Court to overrule Defendant Lance Smith's objections to Plaintiff's First Request for Production of Documents 2, 4, 5, 15, 18, 20, 22, 26, 28, 30-35, and 39 and order him to provide supplemental responses and produce responsive materials. The Court grants Plaintiff's motion and orders Defendant Lance Smith to provide responsive documents to Requests for

Production of Documents 2, 4, 5, 15, 18, 20, 22, 26, 28, 30-35, and 39 without objection no later than August 28, 2020.

### C. Defendants' Joint Motion for Protective Order against In-Person Deposition [Doc. 83.]

Defendants have filed a motion for protective order regarding the deposition of Defendant Lance Smith. This is the third motion regarding Lance Smith's deposition in one year. Plaintiff filed a motion for permission to take Lance Smith's deposition by video during his imprisonment on August 7, 2019. [Doc. 49.] Lance Smith opposed the motion citing the prejudicial nature of taking his deposition in prison attire. [Doc. 50.] After a hearing, the Court granted Plaintiff's motion for leave to take the videotaped deposition of Defendant Lance Smith on September 23, 2019. [Docs. 53, 55.] The deposition did not take place on that date and was rescheduled by the parties to take place on November 19, 2019. Defendant Lance Smith then filed a motion for protective order to limit questioning at the deposition and in other discovery regarding certain criminal arrests, charges, and convictions. [Doc. 66.] Plaintiff opposed the motion and the Court denied the motion. [Docs. 67, 71.] The deposition did not take place on November 19, 2019.

On July 17, 2017, Plaintiff noticed Lance Smith's in-person deposition for August 14, 2020. [Doc. 85-1.] On August 11, 2020, defense counsel e-mailed Plaintiff's counsel regarding whether the location for the deposition was open. [Doc. 85-2.] Plaintiff's counsel confirmed that the location was open and notified defense counsel. Then, on August 12, 2020, the parties communicated by e-mail. Plaintiff's counsel e-mailed defense counsel that Lance Smith was uncomfortable with the number of people who would be present in person due to concerns regarding COVID-19 and he offered to appear via Zoom. Plaintiff's counsel did not consent to Defendant Lance Smith appearing by Zoom and estimated the number of people at the deposition to be about "half a dozen." Plaintiff's counsel also noted that there would be room to socially

distance and he asserted that defense counsel's request was untimely. Defense counsel then filed their motion on August 12, 2020 at 4:45 p.m. Although the Defendants filed a joint motion, the motion focuses on the concerns of Lance Smith only. Further, no counsel appeared on behalf of Defendants Tim Smith or Smith Auto Parts & Sales to assert why these defendants opposed an in-person deposition. At the hearing, Plaintiff's counsel confirmed that the likely participants at the in-person deposition would be defendant Lance Smith, three attorneys representing Plaintiff and Defendants, a court report, and a videographer.

**1. Requirement to Confer in Person or by Telephone**

Any motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). As stated above, the local court rules also require that the motion include a statement that movant's counsel has "conferred in person or by telephone with the opposing counsel in good faith or has made reasonable attempts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord." E.D.Mo. L.R. 3.04(A). The statement must also include the date, time, and manner of such conference, the names of the individuals participating, and state with specificity the efforts made to confer with opposing counsel. *Id.* Defendants have not provided the certification statement in their pleadings. Defendant Lance Smith's counsel confirmed that he did not confer in person or by telephone with Plaintiff's counsel before filing this motion. The Court notes that it has emphasized this requirement at the Rule 16 Conference and in two previous orders of the Court. [Docs. 71, 80.]

**2. Timeliness of Motion**

Defendants' Motion for Protective Order was filed less than 48 hours before the deposition was to occur. This delay impeded Plaintiff from having the opportunity to respond before the date

of the deposition. This delay also prevented the Court from having the opportunity to consider the motion before the deposition date. At the hearing, defense counsel acknowledged that the deposition date had been a date agreed to by the parties. Defense counsel also acknowledged that his client did not notify him regarding concerns about appearing in person until last week.

This Court is well aware of the local, state, and federal declarations of emergency that have been issued regarding COVID-19. Due to restrictions in place in the courthouse, the parties appeared by Zoom for the present discovery hearing. Parties may move for a deposition to occur by remote means. Fed. R. Civ. P. 30(b)(4). The State of Iowa, where the deposition was scheduled to take place is currently under a Proclamation of Disaster Emergency effective until August 23, 2020. The parties did not assert and the Court was unable to find any restrictions in place in Fairfield, Iowa, Jefferson County, Iowa, or the State of Iowa that would prevent the in-person deposition from taking place. The Court notes that Defendant Lance Smith asserted the age of his parents, including co-defendant Tim Smith, and his daughter as reasons for his concern of conducting the deposition in person. It should also be noted that Defendant Tim Smith did not assert any concerns he had about appearing in person or his son appearing in person in the joint motion or during argument at the discovery hearing.

Due to defense counsel's failure to comply with Local Rule 3.04(A), the failure to timely file this motion that resulted in the deposition not taking place, and no restrictions in the proposed deposition location that would prevent it from occurring, the Court will deny Defendants' Motion for Protective Order. The Court further orders that Defendant Lance Smith's deposition take place no later than September 2, 2020.

The Court directs Plaintiff's counsel to make every effort to follow the state's guidelines that gatherings must allow for social distancing of at least 6 feet and that enhanced hygiene

requirements are adhered to including mask wearing and the availability of hand sanitizer. Plaintiff's counsel shall also provide Defendant Lance Smith copies of the exhibits to be referenced before the deposition. Defense counsel for Lance Smith must ensure that Lance Smith has copies of the exhibits in his possession at the deposition.

## IV. Trial Date

As the Court mentioned to the parties at the hearing, the Court intends to keep the current trial date of October 19, 2020 to take place at the Thomas F. Eagleton Courthouse in St. Louis, Missouri. This case is a Northern Division case based in Hannibal, however, due to COVID-19 restrictions, the courthouse there is unable to accommodate a jury trial. The Court admonishes the parties to get the discovery completed and to be prepared to go to trial on October 19, 2020.

Accordingly

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Directed at Defendants Tim Smith and Smith Auto Parts & Sales, Inc., is **GRANTED** as described above. [Doc. 81.]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Directed at Defendant Lance Smith is **GRANTED** as described above. [Doc. 82.]

**IT IS FURTHER ORDERED** that Defendants shall provide their amended responses without objection, as noted above, no later than August 28, 2020.

**IT IS FURTHER ORDERED** that Defendants Tim Smith, Smith Auto Parts & Sales, Inc., and Lance Smith's Joint Motion for Protective Order Against Appearing in Person at his Deposition is **DENIED**. [Doc. 83.] The deposition of Lance Smith is ordered to take place in-person no later than September 2, 2020.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of August, 2020.