**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| ROBERT HOWLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:18-CV-18 NAB |
| | ) |
| LANCE SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Lance Smith's Motion for Leave to File Amended Answer Out of Time. [Doc. 101.] Plaintiff filed a Memorandum in Opposition. [Doc. 103.] For the following reasons, the Court will deny Defendant Lance Smith leave to file an amended answer.

On March 10, 2018, Plaintiff Robert Howland filed this action against Defendants Lance Smith, Tim Smith, and Smith Auto Parts & Sales, Inc. as the result of a car accident on September 11, 2016. [Doc. 1.] Defendants Lance Smith, Tim Smith, and Smith Auto Parts & Sales filed separate answers to the complaint. [Docs. 13, 14, 16.] Plaintiff brings five claims (Counts I-V) against Defendant Lance Smith for negligence, per se negligence, and punitive damages. The deadline for filing an amendment of pleadings in the Fourth Amended Case Management Order was March 16, 2020. [Doc. 75.] On September 21, 2020, Defendant Lance Smith filed a motion for leave to file an amended answer out of time. In support of his motion, Defendant Lance Smith asserts that his amended answer will not add any new affirmative defenses, but will admit additional facts, admit negligence, admit liability, and narrow the issues for trial. The amended paragraphs are listed as 7, 8, 9, 15, 16, 20, 21, and 22. The Court notes

that the proposed amended complaint includes a denial of paragraph 9 of Plaintiff's complaint. Plaintiff responds that Defendant Lance should not be allowed to amend his answer this close to trial. Plaintiff further contends that Defendant Lance Smith has not shown good cause for filing an answer out of time.

"Rule 15(a) governs the pretrial amendment of pleadings and states that where an amendment is not sought 'as a matter of course'—as defined by the Rule— 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 947-48 (8th Cir. 2012) (citing Fed.R.Civ.P. 15(a)(2)). The Court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Parties do not have an absolute right to amend their pleadings even under this liberal standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.*

"Rule 16(b), on the other hand, guides the district court's issuance and modification of pretrial scheduling orders and provides that '[e]xcept in categories of actions exempted by local rule, the district judge ... must issue a scheduling order,' which 'must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.'" *Hartis*, 694 F.3d at 948 (citing Fed.R.Civ.P. 16(b)(1), (3)(A)). Federal Rule of Civil Procedure 16(b)(4) states that a case management order "may be modified only for good cause and with the judge's consent."

"The primary measure of good cause is the movant's diligence in attempting to meet the scheduling order's requirements." *Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014). The good cause standard is not optional. *Petrone v. Werner Enterprises, Inc.*, 940 F.3d

425, 434 (8th Cir. 2019) (citing *Sherman*, 532 F.3d at 714). "Good cause for a belated amendment under Rule 16(b) requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 590 F.Supp.2d 1093, 1100 (N.D. Iowa 2008) (citing *Sherman*, 532 F.3d at 716-18). "A district court acts within its discretion in denying a motion to amend which made no attempt to show good cause." *Harris*, 760 F.3d at 786 (citing *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003)). The Eight Circuit precedent strongly establishes that "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Hartis*, 694 F.3d at 948. Prejudice to the nonmovant is not considered if the movant has not been diligent in meeting the scheduling order's deadlines. *Id.* Instead, the Court focuses on "in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Hartis*, 694 F.3d at 948. "Where there has been no change in the law, no newly discovered facts, or any other changed circumstance … after the scheduling deadline for amending pleadings," the Court may conclude that the moving party has failed to show good cause. *Id.*

In this case, the standard for good cause has not been met. Defendant Lance Smith has not demonstrated that he was diligent in seeking modification. The paragraphs that Defendant Lance Smith is seeking to amend pertain to facts that he has had personal and direct knowledge of since the accident at issue in this case. These are not newly discovered facts. Further, while the contents of the proposed amended answer states that Lance Smith admits he is negligent, it does not specifically admit to any of the facts in paragraphs 7, 20, 21, and 22. Therefore, it is unclear what facts the negligence is pertaining to in the Complaint. Paragraph 9 remains a full

denial. If Defendant Lance Smith wishes to admit negligence to the jury, he can testify at trial as to the facts that are no longer in dispute and submit a joint statement of stipulated facts for the jury as directed by the court's Case Management Order[1]. The joint stipulation of facts provides the same relief by allowing Plaintiff to specifically admit the facts that are no longer in dispute.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Lance Smith's Motion for Leave to File Amended Answer Out of Time is **DENIED**.  [Doc. 101.]

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of October, 2020.

---

[1] The Court notes that the parties have failed to submit a Joint Statement of Stipulated Facts as directed by the Court's Case Management Order.  The Joint Stipulation of Facts was due on September 29, 2020.