UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROBERT HOWLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-CV-18 NAB |
| ) | |
| LANCE SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' Motions in Limine, including two oral motions in limine made during the Final Pretrial Status Conference on October 15, 2020. [Docs. 138, 139, 140, 143, 151.] The parties' motions in limine will be granted in part and denied in part as outlined below.

**I.     Background**

Plaintiff filed motions in limine requesting 15 limitations on the introduction of evidence and testimony at trial. [Doc. 151.] Defendant Lance Smith filed three written motions in limine requesting six limitations on the introduction of evidence and testimony and one oral motion at the Final Pretrial Conference. [Docs. 138, 139, 140.] Defendant Smith Auto Parts & Sales filed motions in limine requesting 15 limitations on the introduction of evidence and testimony at trial and one oral motion at the Final Pretrial Conference. [Doc. 143.] Defendant Tim Smith was dismissed from this action with prejudice on October 16, 2020. [Doc. 169.]

**II.    Motions in Limine**

    **A.     Plaintiff's Motions in Limine [Doc. 151.]**

The Court rules on Plaintiff's Motions in Limine as follows:

### 1. Permission to Drive Company Vehicle

Plaintiff seeks to bar Defendant Smith Auto Parts from introducing evidence that while Lance Smith had permission to drive the company vehicle, he did not have permission to drive the company vehicle out of state. This motion is denied for reasons stated on the record.

### 2. Appeals for Sympathy regarding Birthday of Deceased Friend

Plaintiff seeks to bar Lance Smith from "making appeals for sympathy by claiming that the impetus for Lance Smith's conduct on September 11, 2016 was that September 11th was the birthday of Lance Smith's friend who had died by suicide several years before. Plaintiff states that these statements would be "legally irrelevant and prejudicial." This motion is granted; however, Defendant Lance Smith may testify that he went to the cemetery on the date of the accident to describe the chain of events but may not testify as to why he went to the cemetery.

### 3. Appeals for Sympathy regarding Defendant Lance Smith's Reformation After Accident.

Plaintiff seeks to bar Defendants from testifying or presenting evidence that Lance Smith has "reformed himself, cleaned up his act, matured, etc.," because it is an improper plea for sympathy that is irrelevant and likely to confuse the issues" during the trial. This motion is denied for the reasons stated on the record.

### 4. Appeals for Sympathy regarding Service of Prison Sentence

Plaintiff seeks to bar Lance Smith from making improper appeals for sympathy during the trial by claiming that Lance Smith has paid his debt to society or by referencing the length of the prison term served in relation to the crash at issue. This motion is denied for the reasons stated on the record.

### 5. Reasonableness of Medical Treatment

Plaintiff seeks to bar Defendants from arguing or suggesting to the jury that the medical treatment and medical bills incurred by Plaintiff were unreasonable or unnecessary. This motion is granted for the reasons stated on the record, but Defendants can address it, if the Plaintiff's testimony warrants it.

### 6. Assertion that Seizure Occurred at the Time of Accident

Plaintiff seeks to bar Defendants from presenting evidence or making any argument under Federal Rules of Evidence 702, 703, or 705 that Lance Smith had a seizure which caused or contributed to cause the collision as it would constitute an "affirmative defense of an 'Act of God' under Missouri law which Defendants waived by failing to plead." Moreover, Plaintiff states that expert testimony is required to establish that a seizure was the sole cause of his loss of consciousness and subsequent collision with Plaintiff. This motion is denied for the reasons stated on the record.

### 7. Plaintiff's Counsel's Participation in Directing Medical Treatment

Plaintiff seeks to bar Defendants from presenting evidence or making inferences to the jury that Plaintiff's counsel participated in or directed Plaintiff's medical treatment, as it would suggest the existence of false, misleading, and unduly prejudicial evidence to the jury. This motion is granted for the reasons stated on the record.

### 8. Potential Reduction of Medical Bills

Plaintiff seeks to bar Defendants from arguing, suggesting, implying, or making inferences to the jury that Plaintiff's medical providers will take reductions on any of Plaintiff's outstanding bills. This motion is granted for the reasons stated on the record.

### 9. Reference to Smith Auto Parts and Sales as Small Family Business

Plaintiff seeks to preclude Defendants from presenting evidence or making references to Smith Auto Parts & Sales as a small family business, asserting this is an attempt to elicit sympathy from the jury. This motion is denied for the reasons stated on the record.

### 10. Health Insurance

Plaintiff seeks to bar Defendants from presenting evidence or making any argument, suggestion, or reference to the existence of health insurance stating any such or similar references will lead to inference of a collateral source. The motion is granted for the reasons stated on the record.

### 11. Access to Courts and Right to Counsel

#### a. Statements asserting Plaintiff's lawsuit or similar ones are frivolous

Plaintiff seeks to preclude Defendants from introducing evidence or argument that Plaintiff's specific lawsuit or lawsuits like those brought by Plaintiff are improper, including statements that the lawsuits are frivolous, increase insurance rates, increase taxes, affect us all, waste time or clog the courts. This motion is granted for the reasons stated on the record.

#### b. Consultation with attorney

Plaintiff seeks to bar Defendants from offering argument or evidence related to Plaintiff's decision to consult an attorney, asserting it is not an issue in this case and cannot reasonably be expected to prove or disprove a fact in issue. This motion is granted for the reasons stated on the record.

### c. Goldblatt Singer's advertisements

Plaintiff seeks to bar Defendants from presenting any evidence or argument regarding Goldblatt Singer's or any law firm's advertisements, asserting it is not an issue in this case and cannot reasonably be expected to prove or disprove a fact in issue. This motion is granted for the reasons stated on the record.

### d. Claims that Plaintiff is avaricious

Plaintiff seeks to bar Defendants from presenting any evidence or argument that plaintiffs in personal injury cases are avaricious, including statements that Plaintiff obtained medical treatment to obtain a greater verdict. This motion is granted for the reasons stated on the record.

### 12. Adverse Inference regarding Absence of Medical Provider Testimony

Plaintiff seeks to bar Defendants from any evidence, argument or reference pertaining to the absence of testimony of any of Plaintiff's treating physicians or medical care providers where the witness was not endorsed as a retained expert and was equally available to both parties. This motion is granted for the reasons stated on the record.

### 13. Health Care Practitioner Liens

Plaintiff seeks to bar Defendants from presenting evidence or argument about Goldblatt Singer's law firm or its attorneys' names being listed on one or more of Plaintiff's medical bills as the payor. This motion is granted for the reasons stated on the record.

### 14. Admissions

Plaintiff seeks to bar Defendants from denying any admissions in any proposed stipulations, answers to request for admissions, and answers to Plaintiff's Complaint. This motion is granted for the reasons stated on the record.

### 15. Exclusion of Non-Testifying Witnesses in the Courtroom

Plaintiff moves to bar witnesses, including Defendants' expert witnesses, if any, from the Courtroom so that they cannot hear other witnesses' testimony until called to testify. This motion is granted for the reasons stated on the record.

### B. Defendant Lance Smith's Motions in Limine [Docs. 138, 139, 140.]

Defendant Lance Smith filed three written motions in limine and presented one oral motion in limine at the Final Pretrial Conference.

### 1. Investigation of Motor Vehicle Accident [Doc. 138.]

Defendant Lance Smith seeks to bar Plaintiff from demonstrating any efforts by any agency or individual about the investigation and prosecution of charges against him following the accident except for the plea of guilty. Defendant contends that this evidence would be inflammatory. The specific evidence referenced is the crash scene investigation report, hospital and medical records with blood sampling, and testimony from the Missouri State Highway Patrol crime lab. This motion is denied for the reasons stated on the record.

### 2. Evidence of Defendant's Insurance [Doc. 139.]

Defendant Lance Smith seeks to prohibit any reference to, testimony, and statements that Defendant is insured against liability in this matter. This motion is granted for the reasons stated on the record.

### 3. Evidence of Criminal Charges

The Court heard argument regarding this motion in limine at the Final Pretrial Conference on October 15, 2020 and reserved ruling pending additional briefing requested by the parties.

### a. Criminal Charges that did not Result in a Conviction

Defendant Lance Smith requests that the Court prohibit Plaintiff from soliciting, entering any evidence, or discussing any crimes, charges or accusations for which he was not convicted or for which guilt was not otherwise established.  Defendant Smith Auto also filed a motion in limine regarding the same issue.  Several rules of evidence inform the Court's consideration of this motion.  Federal Rule of Evidence 404(a) states that "Evidence of a persons' character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."  Federal Rule of Evidence 404(b)(1) states, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Further, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct."  Fed. R. Evid. 405(b).

Plaintiff insists that this evidence is necessary to prove Lance Smith's habitual recklessness and Defendant Smith Auto's knowledge of the habitual negligence for its negligent entrustment claim against Smith Auto.  "To establish a claim of negligent entrustment a plaintiff must plead and prove that (1) the entrustee is incompetent by reason of age, inexperience, habitual

7

recklessness, or otherwise, (2) the entrustor knew or had reason to know of the incompetence, (3) there was an entrustment of a chattel, and (4) the negligence of the entrustor concurred with the negligence of the entrustee as a proximate cause of the harm to the plaintiff." *Hejnal v. U.S. Xpress, Inc.*, No. 4:17-CV-2557 CAS, 2018 WL 534376 at *6 (E.D. Mo. Jan. 24, 2018).  Plaintiff stated that a limiting instruction could be given stating that the evidence could be used only against Defendant Smith Auto Parts.  The original committee notes to Rule 404(a) refers to "competence of a driver in an action for negligently entrusting a motor vehicle to an incompetent driver" as an example where character is at issue and the prohibition would not apply.

Based on the foregoing, the Court will deny Defendant Lance Smith's and Smith Auto's motion in limine to exclude evidence of criminal charges that did not result in a criminal conviction.  The Court will give a limiting instruction that this evidence is to be used only in consideration of the negligent entrustment claim against Defendant Smith Auto.

### b.  Juvenile Charges and Convictions of Lance Smith as a juvenile

Lance Smith requests that the Court prohibit Plaintiff from soliciting any testimony, entering any evidence, or discussing any crimes that were committed or alleged to have been committed when Lance Smith was a juvenile.  Defendant Smith Auto also filed a motion in limine regarding the same issue.  Federal Rule of Evidence 609(d) explicitly limits the admissibility of juvenile adjudications to criminal cases.  "The trial court has no discretion to admit such evidence in a civil proceeding." *Powell v. Levit*, 640 F.2d 239, 241 (9th Cir. 1981), *cert. denied*, 454 U.S. 845 (1981).  Therefore, the Court will grant Defendant Lance Smith and Smith Auto's motion in limine prohibiting Plaintiff from soliciting, entering, or discussing any evidence of Defendant Lance Smith's juvenile adjudications.

8

### c. Criminal convictions that occurred more than 10 years ago

Defendant Lance Smith requests that the Court prohibit Plaintiff from soliciting, entering or discussing evidence of any crimes that were committed or alleged to have been committed over ten years ago. Defendant Smith Auto also filed a motion in limine regarding the same issue. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). If more than 10 years have passed since the witness's conviction or release from confinement for the conviction, admissibility of the conviction is limited. *See* Fed. R. Evid. 609(b). Evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Based on the foregoing, the Court will deny Defendants' motions regarding Lance Smith's convictions that occurred more than 10 years ago. The Court finds that the probative value of this evidence outweighs the prejudicial effect, because this evidence is an integral part of Plaintiff's case against Defendant Smith Auto Parts.

### d. All criminal charges and convictions that were not related to the operation of a motor vehicle

Defendant Lance Smith requests that the Court prohibit Plaintiff from soliciting, entering or discussing evidence of any crimes that are not relevant to any claim or defense. Defendant Lance Smith states that this evidence is not relevant and therefore, inadmissible.

According to Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of

9

consequence in determining the action. Relevant evidence may be inadmissible "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

After reviewing the parties' arguments and applicable legal standards, the Court will grant Defendant Lance Smith's motion to exclude evidence of criminal charges or convictions that did not involve operation of a motor vehicle.

### e. Oral Motion in Limine to Exclude Charges Regarding Drug Use

At the Final Pretrial Conference, Defendant Lance Smith made an oral motion to exclude evidence and testimony of charges regarding drug use. The Court granted the parties the opportunity to brief this issue. Plaintiff's opposition to Defendant's motion was filed on October 16, 2020 and Defendant Lance Smith did not file a memorandum of law in support of his oral motion. The Court finds that pursuant to the guidance of the rules of evidence cited above and the applicable law, Plaintiff should be allowed to offer into evidence the following charges or convictions into evidence: (1) February 28, 2017 Operating a motor vehicle while intoxicated (marijuana), (2) June 1, 2012 operating a vehicle while intoxicated, drug possession; and (3) August 12, 2016, striking unattended vehicle. The motion in limine will be denied as to the above referenced incidents and granted as to all other evidence of drug use.

### C.     Defendant Smith Auto Parts and Sales Motions in Limine [Doc. 143.]

Defendant Smith Auto Parts and Sales filed 15 written motions in limine and one oral motion in limine at the Final Pretrial Conference.

### 1. Evidence or Testimony Concerning Liability Insurance

Defendant Smith Auto seeks to bar Plaintiff from making any comments regarding liability insurance or Smith Auto's liability insurer during the trial or *voir dire*. This motion is granted for the reasons stated on the record.

### 2. Evidence of Poverty or Wealth

Defendant Smith Auto seeks a prohibition against Plaintiff offering any evidence or testimony or making a comment during trial or *voir dire* concerning the poverty or wealth of any party. This motion is granted for the reasons stated on the record.

### 3. Deposition Testimony of Tim Smith and Sherri Smith

Defendant Smith Auto Parts seeks to prevent Plaintiff from offering the deposition testimony of any witness not shown to be unavailable for testimony at trial, specifically Tim and Sherri Smith. Plaintiff filed a response in opposition on October 16, 2020 and Defendant Tim Smith filed a memorandum of law in support of its motion in limine on October 18, 2020.

The Court will grant Defendant Smith Auto Parts' motion in limine to the extent that Sherri and Tim Smith are available to testify at the time Plaintiff seeks to introduce their deposition testimony into evidence.

### 4. Lance Smith's Criminal History

Defendant Smith Auto Parts seeks to exclude evidence relating to Lance Smith's criminal history where (1) charges or convictions are more than 10 years old, (2) no conviction or plea of guilty, (3) charges or convictions that are not relevant to the safe operation of a motor vehicle. This motion is granted in part and denied in part, as described in Section II.B.3 above.

11

**5.     Negative Inference Based on Absence of Witness Testimony or Evidence.**

Defendant Smith Auto Parts seeks to prohibit Plaintiff from making any reference in closing argument to defendant's failure to produce a witness equally available to both parties or offering *ex parte* statements from any witness who is not present in Court to testify and who would not be subject to examination by Defendant's counsel. This motion is granted for the reasons stated on the record.

**6.     Discovery Disputes**

Defendant Smith Auto seeks a prohibition on Plaintiff commenting or referencing the incidence of discovery disputes among the parties. Defendant states the information lacks relevance and would tend to inflame the jury and be prejudicial to defendants. This motion is granted for the reasons stated on the record.

**7.     Evidence of Plaintiff's Driving Record**

Defendant Smith Auto seeks exclusion of Plaintiff's driving record or absence of traffic citations or accidents, because it is irrelevant to any issue in this case. Defendant states it is not relevant to whether Plaintiff kept a careful look out at the time of the accident since it constitutes character evidence. This motion is granted for the reasons stated on the record.

**8.     New Information outside of Rule 26(a) Disclosures**

Defendant seeks a prohibition on Plaintiff providing new witnesses, information, or claims of any injuries or damages not already set forth in Plaintiff's Rule 26(a) disclosures. This motion is granted for the reasons stated on the record.

**9.     Evidence about Settlement Negotiations**

Defendant seeks to exclude evidence or comments regarding settlement negotiations between the parties.  This motion is granted for the reasons stated on the record.

**10.     Evidence about Disbursement of Potential Damages Award**

Defendant Smith Auto seeks preclusion of Plaintiff making any statements regarding the extent to which any actual or exemplary damages would be disbursed to Plaintiff's counsel, litigation expenses, any broad discussion as to high cost of litigation, or any statement to the jury that 50% of any punitive damages may go to the Missouri Tort Victim's Compensation Fund.  Defendant contends that such comments or evidence would be highly prejudicial and have no probative value.  This motion is granted for the reasons stated on the record.

**11.     Evidence about amount of money defendants or their counsel have spent to defend this case.**

Defendant Smith Auto Parts seeks to prohibit comments about litigation resources, or the amount of money defendants have spent to defend this case.  This motion is granted for the reasons stated on the record.

**12.     Evidence suggesting jury place themselves in Plaintiff's shoes**

Defendant Smith Auto Parts seeks prohibition on Plaintiff, Plaintiff's witnesses, and counsel from suggesting to the jury that they should place themselves in the place of the Plaintiff.  This motion is granted for the reasons stated on the record.

**13. Evidence Regarding Defendant's Failure to perform an independent medical examination of Plaintiff or present opposing expert testimony.**

Defendant Smith Auto Parts seeks a prohibition on evidence addressing whether Defendant required Plaintiff to undertake independent medical examinations. This motion is granted for the reasons stated on the record.

**14. Evidence about Doctor's Comments to Plaintiff**

Defendant seeks prohibition on offering statements made to Plaintiff by his physicians, asserting that they are hearsay unless submitted through a proper business records exception or direct testimony. This motion is granted for the reasons stated on the record.

**15. Comments regarding the existence of liens.**

Defendant seeks exclusion of any evidence that there may be hospital liens against any recovery by Plaintiff for unpaid medical expenses. This motion is granted for the reasons stated on the record.

**16. Oral Motion in Limine to Prohibit Plaintiff from offering evidence or eliciting testimony regarding whether Tim Smith or Sherri Smith now believe that that should have allowed Lance Smith to use the vehicle**

Defendant request that the Court prohibit Plaintiff from questioning Defendants about what they would have done differently in hindsight, because such opinions would be irrelevant to the claims before the Court. The Court will grant this motion.

*[signature]*

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of October, 2020.