**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | | |
|---|---|---|
| ROBERT HOWLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-18 NAB |
| | ) | |
| LANCE SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Sanctions. [Doc. 90.] Defendants Lance Smith, Smith Auto Parts & Sales, and former defendant Tim Smith filed memoranda in opposition. [Docs. 91, 92.] This case was set for trial on October 19, 2020. The parties settled the action before jury selection began. Defendants assert that the motion is moot, because the parties settled the action. Plaintiff contends that the motion is not moot, because the settlement did not include a waiver to any relief requested in the Motion for Sanctions. Based on the following, the Court will grant in part and deny in part Plaintiff's Motion for Sanctions.

**I.    Background**

Plaintiff Robert Howland filed this action against Defendants Lance Smith, Tim Smith, and Smith Auto Parts & Sales, Inc. as the result of a car accident on September 11, 2016 in Pike County, Missouri. On May 6, 2020, the Court granted Plaintiff's unopposed motion to Compel against Defendant Tim Smith. [Doc. 80.] On July 2, 2020, Plaintiffs filed two motions to compel against Defendants Tim Smith, Smith Auto Parts & Sales, Inc., and Lance Smith. [Docs. 81, 82.] Defendants failed to respond to the motions. The Court held a hearing on August 19, 2020 to discuss the motions to compel against the Defendants and Defendants' Joint Motion for Protective

Order.  Counsel for Defendant Smith Auto Parts and & Sales and then Defendant Tim Smith did not appear at the hearing, despite the Court's order stating that the Court would be addressing those motions.  Counsel for Defendant Lance Smith appeared for the hearing, but stated he was only prepared to discuss the Joint Motion for Protective Order.  The Court granted Plaintiff's motions to compel against the Defendants and denied the Defendants' Joint Motion for Protective Order. [Doc. 88.]  Plaintiff then filed the pending Motion for Sanctions.  [Doc. 90.]  The Defendants filed memoranda in opposition.  [Docs. 91, 92.]

## II.     Standard of Review

District courts are accorded wide discretion in dealing with discovery matters. *Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (citing *Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988)).  The Court has granted three motions to compel against the Defendants.  If a court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  "But the court must not order this payment if:  (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

## III.    Discussion

### A.    Status of the Motion for Sanctions

The parties dispute whether this motion remains pending.  Plaintiff asserts that the motion remains pending, because this motion was not a condition for settlement.  Defendants assert that

the settlement resolved all matters between the parties.  Based on the record in this case, the Court finds that this motion remains pending and the motion will be granted in part and denied in part.

### B.      Failure to Respond to Motions to Compel

The Court will grant Plaintiff's Motion for Sanctions regarding Plaintiff's costs in filing the motions to compel.  Pursuant to Rule 37(a)(5)(A), these fees are mandatory.  Defendants do not dispute that Plaintiff is entitled to these fees.  Plaintiff's counsel avers in an affidavit that he estimates that he spent 28 hours drafting the motions to compel against all of the Defendants.  Plaintiff's counsel also avers that he worked on this case on a contingent fee basis and he has reconstructed time records to support his claim.  [Doc. 90-7.]

"Federal courts employ the lodestar method, which multiplies the number of hours worked by the prevailing hourly rate, when calculating reasonable attorney's fees."  *Childress v. Fox Assoc.,* 932 F.3d 1165, 1172 (8th Cir. 2019).  "A district court has great latitude to determine a reasonable hourly rate, when calculating reasonable attorney's fees."  *Childress*, 932 F.3d at 1172 (citing *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 546 (2010)).  "A district court has great latitude to determine a reasonable hourly rate because it is intimately familiar with its local bar … and it may rely on reconstructed time entries to calculate the hours worked if those entries satisfactorily document the time."  *Childress*, 932 F.3d at 1172 (internal citations and quotation marks omitted).  A district court should exclude hours that were not reasonably expended from its calculations.  *Id.*

While the Court finds that Plaintiff is entitled to attorney's fees for the work expended in bringing the motions to compel and the hours claimed are reasonable, Plaintiff's affidavit fails to provide the Court with guidance regarding the appropriate hourly rate.  The Court understands that Plaintiff took this case on a contingency fee basis, but the Court still needs to ascertain an hourly

rate to apply the lodestar method in this case. Plaintiff can submit supporting affidavits from other counsel with similar experience in the same practice area or other evidence of the prevailing hourly rate for attorneys involved in this type of litigation. Therefore, the Court will order Plaintiff to provide the Court with supporting information for an hourly rate for attorney work in this type of case no later than Tuesday, November 10, 2020.

### C. Untimely Filed Motion for Protective Order

Next, Plaintiff seeks attorney's fees regarding Defendants' filing of a motion for protective order less than 48 hours before Lance Smith's mutually agreed upon date for deposition. On July 17, 2017, Plaintiff noticed Lance Smith's in-person deposition for August 14, 2020. [Doc. 85-1.] On August 11, 2020, defense counsel e-mailed Plaintiff's counsel regarding whether the location for the deposition was open. [Doc. 85-2.] Plaintiff's counsel confirmed that the location was open and notified defense counsel. Then, on August 12, 2020, the parties communicated by e-mail. Defense counsel e-mailed Plaintiff's counsel that Lance Smith was uncomfortable with the number of people who would be present in person due to concerns regarding COVID-19 and he offered to appear via Zoom. Plaintiff's counsel did not consent to Defendant Lance Smith appearing by Zoom and estimated the number of people at the deposition to be about "half a dozen." Plaintiff's counsel also noted that there would be room to socially distance and he asserted that defense counsel's request was untimely. Defense counsel then filed their motion for protective order on August 12, 2020 at 4:45 p.m. After a hearing, the Court denied Defendants' Joint Motion for Protective Order and ordered Defendant Lance Smith to be deposed no later than September 2, 2020. [Doc. 88.]

According to Rule 37(d), a party's failure to attend his own properly noticed deposition constitutes grounds for sanctions. Fed. R. Civ. P. 37(d). In addition to the non-exhaustive list of

4

sanctions found in Rule 37(b)(2)(A), "the court must also require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The decision to award sanctions pursuant to Rule 37(d), and the type of sanctions to be awarded for a party's failure to attend its own deposition, is within the court's discretion. *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

In this case, the issue is whether Defendants should be sanctioned for filing the motion for protective order so close to the scheduled time for the deposition. Defendants assert that there is no deadline in the federal rules for filing a motion for protective order. Plaintiff has not provided information demonstrating that any costs or attorney's fees were incurred by the failure to have the deposition on the originally scheduled date. Plaintiff has not alleged that counsel traveled to Iowa to attend the deposition or incurred costs from the location or court reporter. Plaintiff only submits that he spent 4.5 hours drafting a response to Defendants' motion. The Court denied Defendants' Joint Motion for Protective Order, including because Defendants failed to confer with Plaintiff's counsel before filing the motion and the Court found that the motion was untimely. Therefore, the Court will deny Plaintiff's motion for sanctions regarding Defendants' untimely motion for protective order.

### D.     **Failure to Provide Adequate Responses to Discovery**

The Court will also deny Plaintiff's Motion for Sanctions regarding Defendants' discovery responses pursuant to Fed. R. Civ. P. 37. Plaintiff asserts that the Defendants failed to comply

5

with the Court's Memorandum and Order of August 20, 2020 granting his motions to compel and he seeks sanctions against the Defendants for the same.  The Court has reviewed the parties' briefing regarding the Defendants' supplemental responses provided after the Court's August 20th order.  Based on the Court's review, the Court finds that an award of sanctions regarding the supplemental responses is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions will be **GRANTED in part and DENIED in part**.  The Court grants Plaintiff's Motion for Sanctions regarding reasonable expenses including attorney's fees for the three Motions to Compel filed by Plaintiff and denies the motion in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff shall file affidavits regarding the appropriate hourly rate no later than Tuesday, November 10, 2020 at 5:00 p.m.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of November, 2020.